IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| VONNIE K. AGNER, and wife, JUNE AGNER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Civil No. 3:98cv220 |
| DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| ROBERT F. BOST, and wife, MILDRED BOST, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Civil No. 3:98cv138 |
| DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**O R D E R**

**THESE MATTERS** are before the Court on numerous motions by the Plaintiffs. No responses are necessary from the Defendant.

**A.      Motion *in limine* regarding defense witnesses John Curran and William Stephenson**

Apparently, the Defendant has identified these two individuals as expert witnesses and Plaintiffs seek a pretrial ruling to exclude their testimony. According to the Plaintiffs, both men

are former state governmental employees and it is apparent from their depositions and . . . expert report that Defendant would seek to have them testify as to 1) the legislative intent, purpose and meaning of relevant statutes and laws, and 2) whether Defendant satisfied the statutes and other laws.

**Plaintiffs' Memorandum in Support of Motion *in Limine* regarding Defense Witnesses John J. Curran and William M. Stephenson, filed May 9, 2005, at 1.** Plaintiffs' motion is premature and borders on being frivolous. Until the witness has been qualified and offered, the Court will not provide an advisory opinion as to what portion, if any, of his testimony may be admissible.

### B. Motion *in limine* to exclude collateral source evidence

At the pretrial conference in this matter, the undersigned advised counsel that this evidence would not be placed before the jury.[1]

### C. Motion *in limine*

Next, the Plaintiffs seek a ruling to preclude any mention by the Defendant of 59 separate issues. Included among the items sought are the following requests: (1) to preclude mention of settlement discussions between the parties; (2) to preclude disclosure that other Defendants have been dismissed from the action; (3) to preclude mention of the fee arrangements with Plaintiffs'

---

[1] Section 97-10.2(e) of the North Carolina General Statutes provides in pertinent part that "[t]he amount of compensation and other benefits paid or payable on account of [workers' compensation] shall be admissible in evidence in any proceeding against the third party. In the event that said amount of compensation and other benefits is introduced in such a proceeding, the court shall instruct the jury that said amount will be deducted by the court from any amount of damages awarded to the plaintiff." However, this statute applies to workers' compensation cases. The undersigned will follow the Federal Rules of Civil Procedure and Evidence in this trial. Nonetheless, any recovery will be reduced by such amounts.

counsel; (4) to preclude evidence that the Defendant conducted air sampling at the plant at issue; (5) to prevent the mention of experts not called as witnesses, *etc*.

It is not the intention of this Court to try this case on the basis of the Plaintiffs' one sided version of what defense counsel may or may not do. The defense attorneys are experienced trial counsel who have litigated extensively, including litigation in front of this Court. It has never been the experience of the undersigned that defense counsel have intentionally committed any act which would defy common sense, logic or appropriate courtroom protocol. That is, however, what this motion seeks. The motion is frivolous and counsel is cautioned against making such motions in the future.

**D.** **Motion *in limine* to preclude evidence of negligence on the part of the Plaintiffs' employer**

Plaintiffs cite the North Carolina Workers' Compensation Act as controlling authority to exclude evidence of negligence on the part of their employer, Hoescht Celanese. The statute at issue provides that either an employee or the employer may, within certain time periods, initiate a proceeding against a third party. **N.C. Gen. Stat. § 97-10.2.** In such a proceeding, that third party is entitled to have an issue submitted to the jury as to its joint or concurring negligence. *Id.* Plaintiffs claim that because Daniel has not joined the employer in this action, no evidence of the employer's negligence may be introduced at trial. Again, this is an asbestos negligence case in federal court, not an industrial commission or state court matter.

**IT IS, THEREFORE, ORDERED** that each of the Plaintiffs' motions *in limine* filed May 9, 2005, are hereby **DENIED**.

**Signed: May 11, 2005**

Lacy H. Thornburg
United States District Judge