UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

VOVVIE K. AGNER, and wife, JUNE AGNER,
*et al.,*

      Plaintiffs,

    vs.                          3:98 cv 220

DANIEL INTERNATIONAL CORPORATION,
f/k/a/ Daniel Construction Company;

      Defendants.

---

ROBERT F. BOST, and wife,
MILDRED BOST, et al.,

    Plaintiffs,

    vs.

DANIEL INTERNATIONAL CORPORATION,    3: 98 cv 138
f/k/a/ Daniel Construction Company;

    Defendants.

---

## CLERK'S TAXATION OF COSTS

      This matter is before the Clerk on the "Bill of Costs" filed by Defendant, Daniel International Corporation.

      Plaintiffs filed a "Motion to Disallow Costs" and a "Brief in Support of Their Motion to Disallow Costs" on September 22, 2005. This court in a previous Order had extended the deadline for the Plaintiffs to file any objections to Defendant's "Bill of Costs" to September 24, 2005. Therefore, Plaintiffs' motion is timely filed.

Defendant filed a "Response to Plaintiffs' Motion to Disallow Costs" on September 28, 2005.

Defendant is seeking $74,534.92 in costs consisting of fees of the Clerk ($300.00); fees for service of summons and subpoena ($1,855.00); fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case ($22,479.56); fees for witnesses ($1,832.00); fees for exemplification and copies of papers necessarily obtained for use in the case ($1,528.90); and other costs which are mostly photocopying cost ($46,539.46). Plaintiffs do not present specific objections to these costs on the grounds that they are not allowed, but seek a denial in whole of these costs or alternatively, a reduction of these costs to a percentage of the amount claimed that bears a reasonable relationship to the cases Defendant won which is less than four percent of the total number of plaintiffs. An analysis of Plaintiffs arguments for a complete denial of costs or an across the board percentage reduction of costs is necessary in order to determine the appropriateness of awarding these costs.

**Is the awarding of costs a "rigid rule"?**

Plaintiffs argue that the awarding of costs is not a rigid rule. Rule 54 provides in pertinent part:

> Except when express provision therefore is made either in
> a statute of the United States or in these rules, costs other
> than attorney's fees shall be allowed as of course to the
> prevailing party unless the court otherwise directs.

**Fed. R. Civ. P. 54(d)(1).**

The general presumption as the result of Rule 54 is that if a specific cost is listed in statute governing the awarding of costs, a "presumption exists that it will be taxed; conversely, if cost is not listed in statute, court should exercise its discretion sparingly in taxing such a cost".

*See Tony Andrews v. Suzuki Motor Col, Ltd.,* **161 F.R.D. 383 (S.D. Indiana 1995).** In fact, "District Courts may not depart from the normal practice of awarding fees to prevailing party without first articulating some good reason for doing so." *See Oak Hall Cap and Gown Company, Inc., v. Old Dominion Freight Line, Inc.* **899 F.2d 291, 296 (4th Cir. 1990)** which preceded *Teague v Bakker,* **35 F.3d 978, 996 (4th Cir. 1994)** in which the Fourth Circuit established that Rule 54 "gives rise to a presumption in favor of an award of costs to the prevailing party." These cases clearly create a presumption in favor of awarding costs "unless the court otherwise directs".

The wording of Rule 54 on its own does not create a "rigid rule" in favor of awarding costs, but creates a clear presumption which the party objecting to the awarding of costs must overcome. However, this initial presumption to award costs is significantly strengthened, or weakened by the wording of the court's judgement in the particular case. That is, did the court "otherwise direct" in its judgement that costs should not be awarded by the Clerk? Did the court exercise any discretion in the wording of its judgment for the purpose of denying or limiting the awarding of costs as allowed under *Teague* or any other cases cited by Plaintiffs? No. A review of the two judgments in the instant cases makes it clear that the Defendant was to "recover of the plaintiffs' Shirley Ray Paxton and wife, Patsy J. Paxton (3:98cv138) and Clinton D. Turman and wife Susan R. Turman (3:98cv220) his costs of action." The presumption in favor of awarding costs created by Rule 54 and case law, combined with the clear language in the judgements in the instant cases does create a fairly clear or rigid standard in favor of the awarding of costs herein.

**Do Plaintiffs' Arguments Satisfy the "Teague" Test?**

Plaintiffs rely heavily on *Teague v. Bakker,* **35 F.3d 978 (4th Cir. 1994)** which establishes what the court may use to deny or restrict the awarding of costs. The Plaintiffs argue that *Teague* provides for the court to deny costs for "good reasons" which include: (1) the excessiveness of costs in a particular case; (2) the fact that the prevailing party's recovery is so

small that the prevailing party is victorious in name only; (3) the fact that the case in question was a close and difficult one; (4) the resources of the parties; and (5) the outcome of the underlying suit. Defendant, in his "Response to Plaintiffs' Motion to Disallow Costs" presents compelling arguments to refute the application of each of these tests to this case which the Clerk believes are unnecessary for the simple reason that the court in its judgments has already decided not to deny or limit the scope of costs by directing that the Defendant is to recover "his costs of action", not a portion or a percentage of his costs.[1]

The Clerk's role in determining these costs is not to determine if costs are to be awarded at all or to apply the "Teague" test, the standard of review for the Clerk is limited to assessing if the costs sought are enumerated under 28 U.S.C. §1920 and are those specific items permitted under the statute which provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**Title 28 U.S.C. §1920**

---

[1] The Court was aware of the other 108 Plaintiffs when only four percent of them were selected for trial.

The Defendant has provided the Clerk with an itemization of costs and detailed invoices as part of his "Bill of Costs". The Clerk will review this documentation to determine if these costs are enumerated under 28 U.S.C. §1920.

**Review of Itemized Costs**

**$300.00 for fees of the Clerk**. Title 28 U.S.C. §1920(1) provides for the awarding of these type of costs:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal.

**Title 28 U.S.C. §1920(1).**

Therefore, costs for filing and service fees are **AWARDED** in the amount of $300.00.

**$1,855.00 for fees for service of summons and subpoena.** Plaintiff used private firms to have subpoenas served. While Title 28 U.S.C.§1920(1) provides for the fees of the marshal to be awarded as costs, the historical provider of serving subpoenas, the process service fees of private firms may be awarded as costs in light of trend toward substitute of private process servers for the United States Marshal Service. ***See, Luis Rifrio Anda v. Ralston Purina Co., 772 F.Supp. 46,55 (D.C. Puerto Rico, 1991)***. In making the fees of serving subpoenas of the United States Marshal Service taxable as costs in 28 U.S.C.§1920(1), most circuits believe that Congress exhibited an intent to make service of process a taxable item regardless of the recent changes in the method of serving civil subpoenas by using private process servers. ***See, Alflex Corp. v. Underwriters Labs, Inc., 914 F.2d 175, 177-78 (9th Cir. 1990)(per curiam), cert. denied, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed 2d 36 (1991).*** The costs of having private firms serve subpoenas is a recoverable cost.

Plaintiffs also argue that the costs of subpoenaing witnesses for deposition should have been limited to only those costs associated with taking the deposition of the fact witnesses in this case, or just those four scheduled for trial in May of 2005 and not all 108 plaintiffs. However, Plaintiffs are the ones who designated these individuals as witnesses in their "Plaintiffs' Designation of Witnesses" document found at Attachment "B" in Defendant's "Response to Plaintiffs' Motion to Disallow Costs" and in "Plaintiffs' Supplemental Rule26(a) Disclosures" found in the same attachment. This made the deposition of these witnesses necessary for the Defendant to prepare for the first trial and to be deposed they first had to be served with a subpoena. Therefore, the fees for service of subpoenas in the amount of $1,855.00 are **AWARDED**.

**$22,479.56 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.** Defendant is seeking the costs of depositions of sixty-one witnesses. Plaintiffs argue that during pretrial proceedings these depositions were not taken just for the purpose of obtaining information on the four Plaintiffs that went to trial in May, but included depositions for all of the 108 Plaintiffs. Thus this portion of the costs should be reduced only for the depositions that were necessary to the litigation of those four. Plaintiffs argue that any recovery for deposition transcripts should be reduced to 4%, which is the relationship to the percentage of cases Defendant has prevailed in, which would reduce the fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case to $899.18.

Discovery in federal cases necessitates the taking of depositions. Costs associated with the original and one copy of the transcript are recoverable costs under 28 U.S.C.§1920(2) which provides in pertinent part:

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained in the case;

**Title 28 U.S.C.§1920(2).**

Local Rule 54.1 also permits the taxing of the costs of depositions which were necessary for use in the litigation. This rule provides in pertinent part:

> (C)(1)(i) . . . the costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation . . .

**Local Rule 54.1(C)(1)(i).**

The Fourth Circuit has also held that even if depositions are not actually used at trial, the cost of the transcripts are recoverable if taking the deposition seemed reasonably necessary in light of the particular situation existing at the time of taking. ***See, LaVay Corp. v. Dominion Federal Savings and Loan Association***, **830 F 2d 522, 528 (4th Cir. 1987), 28, 98 L. Ed. 2d 991 (1988).** Courts have provided guidance as to what makes a deposition reasonably necessary for trial. The information from the deposition must only be "relevant and material" to prepare for litigation, it does not have to be used at trial. ***See Board of Directors, Water's Edge v. Anden Group,*** **135 F.R.D. 129, 132 (E.D. Va. 1991).** The cost of a deposition transcript is a taxable item if the deposition was "necessary to counsel's effective performance and proper handling of the case". ***See Marcoin, Inc. v. Edwin K. Williams & Co., Inc.,*** **88 F.R.D. 588, 590 (E.D. Va. 1980).** The fact that Plaintiffs disclosed the individuals deposed by the Defendant as fact witnesses for the trial of May 2005, made the deposition of these witnesses "necessary to counsel's effective performance and proper handling of the case". Therefore, fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case are **AWARDED** in the amount of $22,479.56.

**$1,832.00 fees for witnesses.** Witness fees are an allowable cost in 28 U.S.C §1920(3) which states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (3) Fees and disbursements for printing and witnesses**;**

**Title 28 U.S.C.§1920(3).**

Witness fees are an enumerated cost under 28 U.S.C. §1920 and the shall be paid the witness fee as specified in 28 U.S.C. §1821 which provides in pertinent part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40.00 per day for each day's attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

**Title 28 U.S.C. §1821(a)(1) and (b).**

Therefore, witness fees are **AWARDED** in the amount of $1,832.00.

**$1,528.90 for fees for exemplification and copies of papers necessarily obtained for use in the case.** Defendant is requesting the costs assessed by the U.S. Treasury and the Claims Resolution Management Corp. For copies of tax returns and for documents from the Manville Personal Injury Settlement Trust.

Reasonable costs for exemplification and copies of papers necessarily obtained for use in the case are generally allowed to the prevailing party per 28 U.S.C.§1920 which provides in pertinent part:

> A judge or clerk of any court . . . may tax costs the following:
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

**Title 28 U.S.C.§1920(4).**

Therefore, the fees for exemplification and copies of papers necessarily obtained for use in the case are **AWARDED** in the amount of $1,528.90.

**$46,539.46 for Other costs.** A review of the Defendant's "Bill of Costs" shows an itemization of costs for this request. Defendant is requesting costs for photocopies of personnel records (used at trial and in depositions); medical, personnel, worker's compensation records (used at trial and in depositions); liability documents from previous Hoechst Celanese actions, copies of Hoechst documents (used at trial and in depositions); copies of depositions and exhibits from previous Hoechst Celanese actions (used at trial and in depositions); social security printouts (used at trial and depositions); defense exhibits for court and counsel as required by Pretrial Order and Case Management Plan; and, copies of other documents produced in defense of Plaintiffs' claims. They have also submitted costs for videotape editing for use at trial of four witnesses as required by Pretrial Order and Case Management Plan.

Plaintiffs' argue that these charges are excessive and were not all necessarily related to the cases which went to trial in May 2005. In addition to their continued argument that only those photocopy charges necessary for the four Plaintiffs who went to trial in May 2005, should be considered, they also note that very few of these documents were actually admitted into

evidence at trial. Plaintiffs' argue that if not denied in whole, these costs should be reduced to reflect that only 4% of the Plaintiffs went to trial.

Courts have been a little more stringent in awarding costs for copies. Courts have interpreted 28 U.S.C. §1920(4) to limit the type of copies that can be properly taxed. Copies of documents may be taxed only if they were "necessarily obtained for use in the case". **Title 28 U.S.C. §1920(4).** "Photocopying charges attributable to discovery and the court's copies of pleadings, motions and memorandum are reasonably necessary for use in the case and can be awarded. Extra copies of filed papers and correspondence, and copies of cases however, are not necessary but are for the convenience of the attorneys and therefore not taxable." *Independence Tube Corporation v. Copperweld Corporation,* **543 F.Supp. 706, 722 (N.D. Ill. 1982).** In order for the Clerk or opposing counsel to make the determination whether the copies were "reasonably necessary for use in the case" or rather the copies were "for the convenience of the attorneys", it would be helpful to know what was being copied. The prevailing party "seeking costs need only provide best breakdown obtainable from retained records" for this purpose. *Lois A. Movitz v. First National Bank of Chicago,* **982 F. Supp. 571, 576 (N.D. Ill. 1997).** The Defendant in this case has provided a detailed, itemized listing of these costs and copies of the actual invoices. Plaintiffs' had the opportunity to review this itemization of costs and they have not objected to any specific items as not being allowed. I agree. Costs specified by statute are "presumptively awarded to the prevailing party and the losing party has burden of affirmatively demonstrating that prevailing party is not entitled to certain costs." *Ibid Movitz at 573.* Courts have taken this position as the prevailing party is presumed entitled to award of costs and "District courts may not depart from the normal practice of awarding fees to prevailing party without articulating some good reason for doing so." *Oak Hall Cap and Gown Co., Inc., v. Old Dominion Freight Line Inc.,* **899 F.2d 291, 296 (4th Cir. 1990).** Therefore, Other costs are **AWARDED** in the amount of $46,539.46.

**THEREFORE, total costs in the amount of $74,534.92 are AWARDED in favor of the Defendant and against Plaintiffs.**

Either party may appeal this Taxation of Costs to the Court within five (5) days after receipt of this notice of taxation.

**SO ORDERED this 3rd day of Ocotber, 2005.**

**Signed: October 3, 2005**

Frank G. Johns, Clerk
United States District Court