# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:98CV220

| | |
|---|---|
| VONNIE K. AGNER, *et al.*, <br><br>This document pertains to: <br><br>LEONARD THOMAS HOLT, and wife SHIRLEY L. HOLT; ERNEST SHEPHERD, and wife PATSY E. SHEPHERD; and BOBBY E. STARNES, and wife MYRNA J. STARNES, <br><br>            Plaintiffs, <br><br>vs. <br><br>DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company; FLUOR ENTERPRISES, INC., f/k/a Fluor Daniel, Inc.; and STRATEGIC ORGANIZATIONAL SYSTEMS ENVIRONMENTAL ENGINEERING DIVISION, INC., f/d/b/a SOS International, Inc. and SOS Environmental, Inc., <br><br>            Defendants. | **MEMORANDUM OF DECISION** |

**THIS MATTER** is before the Court on the motions for summary judgment of Defendant Strategic Organizational Systems Environmental Engineering Division, Inc. ("SOS") and Defendant Fluor Enterprises, Inc. ("Fluor") as to Plaintiffs Bobby E. Starnes and his wife, Myrna J. Starnes; Leonard Thomas Holt and his wife, Shirley L. Holt; and Ernest Shepard and his wife, Patsy E. Shepherd.

In the response to the motion, Plaintiffs advised that each will voluntarily dismiss the action as to Defendant SOS. As a result, the motions for summary judgment of Defendant SOS are granted.

## I.  SUMMARY JUDGMENT STANDARD OF REVIEW

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

***Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).** A genuine issue exists if a

reasonable jury considering the evidence could return a verdict for the nonmoving party.  ***Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson, supra*).**  "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact."  ***Bouchat*, 346 F.3d at 522 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).**  If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist.  ***Id.***

> A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial."  Furthermore, neither "[u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered."

***Id*. (quoting Fed. R. Civ. P. 56(e) and *Felty v. Graves-Humphreys Co.*, 818 F.3d 1126, 1128 (4th Cir. 1987)) (other internal citations omitted).**  Moreover, in considering the facts for the purposes of this motion, the Court will view the pleadings and material presented in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## II. FACTUAL BACKGROUND[1]

Plaintiffs Starnes, Holt and Shepherd were employed by Hoechst Celanese at a fibers plant in Salisbury, North Carolina, known as Fiber Industries. The plant was actually built beginning in 1965 by Defendant Daniel International Corporation (Daniel) but in November 1988, Daniel assigned its "Contract for Maintenance Service, Engineering, and Construction Work" to Defendant Fluor. The Plaintiffs, who were employed by Hoechst Celanese, allege that their exposure to asbestos while working at the plant led to their injuries. The exposure, they claim, occurred by virtue of the use of asbestos products by the Defendants, who either built the plant or provided maintenance for the plant.

At issue is the distinction between Fluor and Daniel and whether the Plaintiffs are able to identify Fluor as the source of asbestos exposure.

---

[1] The Court takes judicial notice of certain facts established in this case by Memorandum of Decision, filed April 21, 2005 (granting Defendants SOS and Fluor Enterprises summary judgment as to Plaintiffs Edward and Lisa Monroe, Bonnie Hill, on behalf of the estate of Dorothy Hutchins, Clinton and Susan Turman, and Shirley and Patsy Paxton).

The Defendants maintain that Fluor and Daniel have always been separate entities, and Plaintiffs do not contest this issue. Fluor was incorporated in 1971 in California as Fluor Engineers & Constructors, Inc., but changed its name to Fluor Daniel, Inc., in 1987 and again to Fluor Enterprises, Inc., in 1999. **Memorandum of Defendants SOS and Fluor in Support of Motion for Summary Judgment as to Plaintiff Bobby E. Starnes and his Wife, Myrna J. Starnes, filed December 4, 2006, at 2 n.2.** "It is now and has always been a separate corporate entity from Daniel International Corporation, which is a South Carolina corporation incorporated in 1934." *Id.*

Theoderic Buck was deposed as a corporate officer or director of Daniel International Company (Daniel). *See*, **Excerpts from Deposition of Theoderic M. Buck, dated July 12, 2004,** *attached to* **Plaintiffs' Response to Defendants' Motion for Summary Judgment as to Plaintiffs Bobby and Myrna Starnes, filed December 27, 2006.** He testified that:

> Daniel was purchased outright by Fluor, and I think the year was 1976. So from 1976 up until about 1986 you wouldn't have known we had been bought by Fluor. We operated as two independent companies. . . . And then in 1986 or thereabouts as I understand what was done legally, they changed the name of one of the existing Fluor companies to Fluor Daniel. And at

> that point in time Daniel Construction Company and the Fluor side of the business started transferring their projects into the Fluor Daniel operation. And probably took, I would say, two to four years to complete.

*Id.*, **at 42-43).** Thus, one of the existing Fluor companies changed its name to Fluor Daniel, but Daniel never changed its name to Fluor Daniel. Beginning in 1986, Daniel began to transfer its construction projects into the Fluor Daniel corporate entity, a process which took up to four years to complete. On November 10, 1988, Daniel assigned its contract to provide maintenance, engineering and construction work at the Salisbury plant to Fluor. **See Exhibit B, Assignment of Contract,** *attached to* **Defendants' Motion,** *supra*. In connection with a previous motion in this case, the Plaintiffs conceded that Daniel continued to provide maintenance at the plant as late as 1991. **See, Memorandum and Decision, filed April 19, 2005, at 5-6.** Thus, in opposing summary judgment, the Plaintiffs are obligated to bring forth any evidence they have showing their exposure to asbestos products as a result of Fluor's conduct, not that of Daniel.

Plaintiff Starnes worked at the plant from September 9, 1968, through 1996. **Excerpts from Deposition of Bobby Starnes,** *attached to* **Defendants' Motion, at 29.** He testified that early in his career he was exposed to asbestos because it was located on the machines with which

he worked.  **Excerpts from Deposition of Bobby Starnes, *attached to*, Plaintiffs' Response, at 96.**  He testified that he recalled SOS coming to the job site in the late 1980's or early 1990's in order to remove asbestos; however, he could not recall that SOS ever exposed him to asbestos.  **Starnes Deposition, *attached to* Defendants' Motion, at 225.**  When asked if Fluor, as opposed to Daniel, ever exposed him to asbestos, Starnes answered that he did not understand the difference between the two companies and as a result, could not say that Fluor had ever exposed him to asbestos.  **Starnes Deposition, *attached to* Plaintiffs' Response, at 226.**

While Starnes has attached portions of the deposition testimony of a co-worker and affidavits from others, no one has testified or averred that Starnes was exposed to asbestos as a result of conduct by Fluor.  Plaintiff Shepherd, who was a co-worker of Starnes, testified more work was done with asbestos "in the early years."  **Excerpts from Deposition of Ernest Shepherd, *attached to* Plaintiffs' Response, at 72.**  Shepherd testified that after Fluor took over maintenance, it did the same type of maintenance work that Daniel had previously performed.  ***Id.*, at 73.**  But, he was exposed to asbestos more in the early years while the plant was being

constructed than in the later years of his employment. *Id.* In fact, Shepherd did not even know if there was asbestos in the plant during those later years. *Id.,* **at 74 ("I can't say it was asbestos . . . I didn't know.").**

Plaintiffs have also provided affidavits from other individuals who worked at the plant. Hugh Harkey averred that he worked at the plant "until Daniel left the plant in 1992." **Affidavit of Hugh Lee Harkey,** *attached to* **Plaintiffs' Response, ¶ 3.** Harkey averred that Daniel stopped buying new asbestos in the mid-1970's but stockpiled asbestos continued to be used by "Daniel." *Id.,* **¶10.** There is no allegation that Fluor used asbestos containing products. In fact, the contents of this affidavit relate solely to Daniel. Moreover, the Defendant has provided Harkey's deposition transcript showing that he testified that by 1991 Fluor did not have anything to do with any insulation unless it had been documented as being

asbestos-free.[2]  **Excerpts from Deposition of Hugh Lee Harkey, *attached to* Defendants' Reply, at 77 ("Asbestos-free, yes, sir.").**

Steve Holbrooks averred that during his tenure at the plant, he worked exclusively for Daniel.  **Affidavit of Steve Randall Holbrooks, *attached to* Plaintiffs' Response, ¶¶ 2-4.**  Like Harkey, he identified only Daniel as being involved with asbestos; in fact, Fluor's name is not even used by Holbrooks.

According to the Plaintiffs, this shows that the workers were confused as to whether Daniel or Fluor were providing maintenance.  That is, they saw the two companies as one and the same.  This argument, however, overlooks the explicit concession by the Plaintiffs that Daniel remained on the scene to provide maintenance after 1988 and until approximately 1991 or 1992.  It also overlooks Harkey's testimony that by 1991 Fluor did not use any product unless it was asbestos-free.

---

[2] To the extent that the affidavit conflicts with the deposition transcript, the Court accords no weight to the affidavit.  "[A] party against whom summary judgment is sought cannot create a jury issue by identifying discrepancies in his own account of the facts."  ***Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 186 n.7 (4th Cir. 2001) (citing *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970 (4th Cir. 1990)); *Hernandez v. Trawler Miss Vertie Mae, Inc*., 187 F.3d 432, 438 (4th Cir. 1999).**

Like the other Plaintiffs, Plaintiff Holt identified Daniel as the source of asbestos exposure but did not identify Fluor.  **Excerpts from Deposition of Leonard Holt,** *attached to* **Plaintiffs Response to Defendants' Motion for Summary Judgment as to Plaintiffs Leonard and Shirley Holt, filed December 27, 2006, at 49-50, 53-54.**  While Holt recognized the name Fluor Daniels, he did not recall a time when Fluor was exclusively present at the plant.  *Id., **at 70.***  Like Starnes and Shepherd, Holt thought Fluor and Daniel were the same entity but he did not have a specific recollection of Fluor being involved with asbestos containing products.  *Id.*  In fact, Holt could not testify that he was actually exposed to asbestos after the mid-1980's.  **Excerpts from Deposition of Leonard Holt,** *attached to* **Defendants SOS and Fluor's Reply to Plaintiffs' Response, filed January 2, 2007, at 71 (Q:  "So you don't know, one way or another, whether you were exposed to asbestos after the mid 1908's, let's say?"  A: "I don't know.").**

### III.  DISCUSSION

In the context of a case against an asbestos manufacturer, the Fourth Circuit

> has previously held that the plaintiff in a personal injury asbestos case "must prove more than a casual or minimum contact with the product" containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present "evidence of exposure to a specific product [of the defendant] on a regular basis over some extended period of time in proximity to where the plaintiff actually worked."

*Jones v. Owens-Corning Fiberglas Corp. and Amchem Products, Inc.*, 69 F.3d 712, 716 (4th Cir. 1995) (quoting *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162-63 (4th Cir. 1986)); *accord, Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001) ("**For each defendant in a multidefendant asbestos case, the plaintiff has the burden of proving exposure to the defendant's product and that the product was a substantial factor in causing the plaintiff's injury.**") **(quotation omitted).** Thus, in any asbestos case, a plaintiff must "(1) identify an asbestos-containing product for which a defendant is responsible, (2) prove that he has suffered damages, and (3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages." *Lindstrom v. AC Products Liab. Trust*, 264 F.Supp.2d 583, 587 (N.D. Ohio 2003), *aff'd*, 424 F.3d 488 (6th Cir. 2005). The evidence presented here "does not reference any specific defendant or product, but rather states in a conclusory fashion that every exposure to

asbestos was a substantial factor in [the Plaintiffs'] illness[es]. The requirement, however, is that the plaintiff make a showing with respect to *each* defendant that the defendant's product was a substantial factor in plaintiff's injury." **Lindstrom, 424 F.3d at 493.** The failure to specifically identify a defendant's presence warrants a grant of summary judgment. **Id., at 495.** Likewise, where a plaintiff is unable to affirmatively state that he was actually exposed to asbestos at all, summary judgment is appropriate. **Id., at 497 (a plaintiff's inability to affirmatively state that a product contained asbestos warranted summary judgment).**

The captioned Plaintiffs herein have failed to present evidence of exposure to asbestos as a result of conduct by Fluor; at most, they have shown exposure to asbestos as a result of Daniel's conduct. ***Miller v. Bristol-Myers Squibb Co.*, 121 F.Supp.2d 831, 836 (D. Md. 2000) (Where a plaintiff cannot establish that the defendant manufactured the breast implants at issue, she cannot establish who caused the alleged injury and summary judgment is appropriate.).** The Court, therefore, finds that the Plaintiffs have failed to forecast contradictory evidence showing a genuine dispute as to a material fact. ***Lohrmann*, supra, at 1163 (4th Cir. 1986) ("We have spoken to the question of the**

**sufficiency of circumstantial evidence required to support a finding of causal connection and have concluded that there must be evidence of a reasonable and rational nature upon which a jury can make the necessary inference that there is a causal connection between a defendant's action and a plaintiff's injury. . . . '[I]t is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture.'") (quoting *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir. 1958).** The Court, therefore, finds that summary judgment is appropriate.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the motions for summary judgment of Defendants Strategic Organizational Systems Environmental Engineering Division, Inc., and Fluor Enterprises, Inc., are hereby **GRANTED** as to Plaintiffs Bobby E. Starnes and his wife, Myrna J. Starnes; Leonard Thomas Holt and his wife, Shirley L. Holt; and Ernest Shepard and his wife, Patsy E. Shepherd, and the claims of these Plaintiffs against those Defendants are hereby **DISMISSED WITH PREJUDICE**.

14

Signed: January 5, 2007

Lacy H. Thornburg
United States District Judge